**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

In re:

Richard W. Drake,                                        Case No. 17-10253-KHK
          Debtor.                                        Chapter 7

Terry Allen,
          Plaintiff,

v.                                                       Adv. Pro. No. 17-01015-KHK

Richard W. Drake,
          Defendant.

## MEMORANDUM OPINION

This matter is before the Court on the motion for Summary Judgment (the

"Motion") filed by Plaintiff Terry Allen ("Allen" or "Plaintiff") pursuant to Rule 56(a)

of the Federal Rules of Civil Procedure.  This adversary proceeding was commenced

when Allen filed a complaint (the "Complaint") against the debtor, Richard W.

Drake ("Drake" or the "Debtor"), requesting a determination that the judgment

Allen obtained against Drake in the Second Judicial District Court of the State of

Nevada (the "District Court") is nondischargeable pursuant to § 523(a)(6) of the

Bankruptcy Code, 11 U.S.C. § 523(a)(6).  Allen asks the Court to award summary

judgment in his favor because of the preclusive effect of the Nevada judgment.  For

the reasons stated below, the Court will deny the Motion.

## Background

The state court litigation that preceded Drake's bankruptcy filing concerned

Hotel Contracting Services, Inc. ("HCS"), a business in which Drake, Allen and

others were all, at one time, shareholders, officers and directors.  The debt that

Allen seeks to be held nondischargeable arose from a suit filed by Drake in the

Second Judicial District Court of the State of Nevada[1] (the "Nevada Action") against

Allen and Stuart and Kitty Burns (the "Burns") (jointly "the HCS Defendants"),

alleging  various contract and tort causes of action.[2]

Allen moved to dismiss the Nevada Action[3] for failure to state a claim, based

upon Nevada's anti-SLAPP statute[4] and Rule 12(b)(5) of the Nevada Rules of Civil

Procedure.  The District Court granted Allen's motion, dismissing Drake's causes of

action for failure to state a claim but denying Allen relief under the anti-SLAPP

statute and rejecting his claim for attorney's fees.

On appeal, the Nevada Supreme Court affirmed the dismissal of the Nevada

Action and found that certain of Drake's asserted causes of action violated Nevada's

anti-SLAPP statute.  It held that the District Court should have granted Allen's

anti-SLAPP motion and entered an order remanding the case to the District Court

to consider Allen's request for attorney's fees (the "Remand Order").[5]  On remand,

the District Court entered an order awarding Allen $51,409.89 in attorney's fees,

costs and damages allowable under state law in connection with an anti-SLAPP

---

[1] *Drake v. Burns*, Case No. CV13-00975 (2d Judicial Dist. Ct. Nev. Washoe Cty. 2015).

[2] The allegations of the Complaint were based upon both the HCS Defendants' acts relative to HCS and an earlier lawsuit the HCS Defendants had filed seeking relief against other directors for allegedly improper acts.

[3] The Burns defendants were not served and were later dismissed from the suit.

[4] Nev. Rev. Stat. §§ 41.635-41.670.  A Strategic Lawsuit Against Public Participation, or SLAPP suit, is a meritless lawsuit against someone for exercising his First Amendment rights. *John v. Douglas County School Dist.,* 1219 P.3d 1276, 1280 (Nev. 2009) (citations omitted).

[5] *Drake v. Allen*, Nos. 64854 and 65602 (Sup. Ct. Nev. 2015).

violation (the "Judgment Order").

On January 25, 2017, Drake filed a Chapter 7 bankruptcy case (Case No. 17-10253-(KHK)) in this Court. Allen timely filed the Complaint on February 15, 2017, Drake filed his answer on March 10, 2017, and Allen filed the Motion to dismiss the Complaint on June 15, 2017. The Debtor responded to the Motion, and the parties have submitted memoranda. The Court heard oral argument on the Motion on September 18, 2017, after which it took the matter under advisement.

## The Undisputed Facts

Rule 56(a) of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 56(a),[6] requires the Court to grant summary judgment when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty, Inc.*, 477 U.S.242, 248 (1986). Rule 56(c)(1)(A) requires that the party asserting that a fact cannot be genuinely disputed must support the assertion by citing materials in the record. The responding party may object to any of the materials cited on the basis that it cannot be presented in a form that would be admissible in evidence. Fed. R. Civ. P. 56(c)(2).

Allen maintains that the facts compelling the Court to rule that his claim is nondischargeable pursuant to § 523(a)(6) are established by the six exhibits

---

[6] Made applicable pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure.

attached to the memorandum accompanying the Motion (the "Memorandum").

These exhibits include the Remand Order and the Judgment Order, proof of

domestication of the Judgment Order in Virginia, pleadings from the Nevada

Action, and the Debtor's response to Allen's interrogatories.

In his response to the Motion, the Debtor challenges Allen's exhibits on

evidentiary and procedural grounds, asserting that the exhibits are not properly

authenticated, include hearsay, and cannot be considered because they were not

attached to the Complaint or identified in the Plaintiff's Rule 7026 disclosures.[7]  In

particular, the Debtor objects to the Court's consideration of the two Nevada court

orders - the Remand Order entered by the Nevada Supreme Court (attached to the

Memorandum as Exhibit B) and the Judgment Order entered by the District Court

upon remand (attached to the Memorandum as Exhibit A).

Notably, the Debtor does not contend that the documents are not what they

purport to be, contain any inaccuracies or omissions, or are unable to be presented

in a form that would be admissible in evidence.[8]  Rule 56(c) allows the movant to

cite "materials in the record, including depositions, documents, electronically stored

information, affidavits or declarations, stipulations (including those made for

purposes of the motion only), admissions, interrogatory answers, or other materials

. . . ."  There is nothing in Rule 56 limiting a court to consideration of only materials

---

[7] Bankruptcy Rule 7026 makes Rules 26 of the Federal Rules of Civil Procedure applicable
in adversary proceedings.  Rule 26(a) sets forth a party's duty to make certain pretrial
disclosures.
[8] In fact, Debtor's counsel candidly admitted at oral argument that he has no basis to
contend that any of the exhibits is not an accurate copy of what it purports to be.

4

submitted simultaneously with the complaint,[9] nor is a court prohibited from

considering materials that were not included in a Rule 26 disclosure.[10]  Moreover,

the Debtor has not objected to the List of Exhibits filed by the Plaintiff on July 10,

2017, which includes the exhibits attached to the Memorandum.  Under the Court's

Initial Scheduling Order (Doc. 4), these exhibits are deemed admitted.  The Court

may therefore properly consider and rely upon each of the exhibits attached to the

Memorandum.

The evidence in the record, submitted in accordance with Rule 56(c) and

considered in the light most favorable to the Debtor (the non-moving party),

establishes the following.  On October 13, 2015, the District Court entered the

Judgment Order.  The Judgment Order references and is based upon the Remand

Order, which held that the Debtor violated the Nevada anti-SLAPP law, a statute

designed to prevent meritless lawsuits instituted to prevent the exercise of First

Amendment rights.[11]  The Remand Order resulted in part from Allen's appeal of the

---

[9] *See Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.* 790 F.3d 532, 538 (4th
Cir. 2015) ("'The court and the parties have great flexibility with regard to the evidence
that may be used on a [summary judgment] proceeding.' 10A Charles Alan Wright, Arthur
R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2721 (3d ed.1998). The court
may consider materials that would themselves be admissible at trial, and the content or
substance of otherwise inadmissible materials where the 'the party submitting the evidence
show[s] that it will be possible to put the information ... into an admissible form.' 11 James
Wm. Moore et al., Moore's Federal Practice § 56.91[2] (3d ed.2015).")
[10] The Debtor did not object to the Plaintiff's initial Rule 26 disclosure or to the Corrected
Exhibit Praecipe filed by the Plaintiff to add the exhibits inadvertently omitted from the
Complaint.
[11] *See* Nev. Rev. Stat. §§ 41.635-41.670 (Ch. 41, Liability of Persons Who Engage in Right to
Petition or Free Speech in Direct Connection with an Issue of Public Concern).
Nev. Rev. Stat. 41-660 provides:
> 1. If an action is brought against a person based upon a good faith
> communication in furtherance of the right to petition or the right to free
> speech in direct connection with an issue of public concern:

(a) The person against whom the action is brought may file a special motion to dismiss; and

(b) The Attorney General or the chief legal officer or attorney of a political subdivision of this State may defend or otherwise support the person against whom the action is brought. If the Attorney General or the chief legal officer or attorney of a political subdivision has a conflict of interest in, or is otherwise disqualified from, defending or otherwise supporting the person, the Attorney General or the chief legal officer or attorney of a political subdivision may employ special counsel to defend or otherwise support the person.

2. A special motion to dismiss must be filed within 60 days after service of the complaint, which period may be extended by the court for good cause shown.

3. If a special motion to dismiss is filed pursuant to subsection 2, the court shall:

(a) Determine whether the moving party has established, by a preponderance of the evidence, that the claim is based upon a good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern;

(b) If the court determines that the moving party has met the burden pursuant to paragraph (a), determine whether the plaintiff has demonstrated with prima facie evidence a probability of prevailing on the claim;

(c) If the court determines that the plaintiff has established a probability of prevailing on the claim pursuant to paragraph (b), ensure that such determination will not:

(1) Be admitted into evidence at any later stage of the underlying action or subsequent proceeding; or

(2) Affect the burden of proof that is applied in the underlying action or subsequent proceeding;

(d) Consider such evidence, written or oral, by witnesses or affidavits, as may be material in making a determination pursuant to paragraphs (a) and (b);

(e) Except as otherwise provided in subsection 4, stay discovery pending:

(1) A ruling by the court on the motion; and

(2) The disposition of any appeal from the ruling on the motion;
and

(f) Rule on the motion within 20 judicial days after the motion is served upon the plaintiff.

4. Upon a showing by a party that information necessary to meet or oppose the burden pursuant to paragraph (b) of subsection 3 is in the possession of another party or a third party and is not reasonably available without discovery, the court shall allow limited discovery for the purpose of ascertaining such information.

5. If the court dismisses the action pursuant to a special motion to dismiss filed pursuant to subsection 2, the dismissal operates as an adjudication upon the merits.

District Court's initial denial of his anti-SLAPP motion to dismiss. On appeal, the

Nevada Supreme Court found that certain of the Debtor's causes of action against

Allen were "based on Allen's 'good faith communication in furtherance of the right

to petition' because they are based on the filing of the [Allen] complaint." Remand

Order at 3.[12] It held that the District Court should have granted Allen's anti-

SLAPP motion as to those causes of action and remanded the case to the District

Court "for consideration of Allen's request for attorney fees and costs under NRS

41.670." Remand Order at 4.

On remand, the District Court entered the Judgment Order, awarding Allen

$45,841.00 in attorneys' fees, $753.52 in costs, $3,138.77 in additional costs and

$1,676.60 pursuant to Nev. Rev. Stat. § 41.670(1)(b)[13] for a total of $51,409.89. The

---

6. The court shall modify any deadlines pursuant to this section or any other
deadlines relating to a complaint filed pursuant to this section if such
modification would serve the interests of justice.
7. As used in this section:
    (a) "Complaint" means any action brought against a person based
upon a good faith communication in furtherance of the right to petition or the
right to free speech in direct connection with an issue of public concern,
including, without limitation, a counterclaim or cross-claim.
    (b) "Plaintiff" means any person asserting a claim, including, without
limitation, a counterclaim or cross-claim.

[12] "These claims also lack a probability of success on the merits because they are based on
Allen's alleged ulterior motive to dissolve HCS. In this regard, assuming that Allen desired
to dissolve HCS, persons holding ten percent or more of the outstanding stock in a
corporation may seek judicial dissolution of the corporation under NRS 78.650, and thus,
seeking such dissolution is not an act that would subject them to liability." Remand Order
at 4.

[13] Nev. Rev. Stat. § 41.670 provides that:
    1.  If the court grants a special motion to dismiss filed pursuant to NRS
    § 41.660:
        (a) The court shall award reasonable costs and attorney's fees to the
person against whom the action was brought, except that the court shall
award reasonable costs and attorney's fees to this State or to the appropriate
political subdivision of this State if the Attorney General, the chief legal

7

District Court cited the following reasons for granting Allen's "Motion for Attorneys'

Fees and Costs After Remand:"

> First, Plaintiff's *Opposition* was untimely and thus may be construed as a consent to the motion.. . .
> Second, Plaintiff's attempt to amend his *Complaint* to add a claim for breach of contract is improperly pled . . . .
> Third, Plaintiff's additional request to amend his *Complaint* for breach of contract is improperly pled . . . .
> Fourth, Defendant's request for fees and costs pursuant to NRS 41.670 is reasonable in light of the decision by the Supreme Court's decision [sic] granting Defendant's anti-SLAPP motions as to Plaintiff's first, second, fourth, fifth, and sixth causes of action.

The Judgment Order has become final.

## Conclusions of Law

Allen argues that the Debtor is collaterally estopped from relitigating issues

decided by the Nevada courts.  He maintains that the factual issues already decided

---

officer or attorney of the political subdivision or special counsel provided the defense for the person pursuant to NRS 41.660.

    (b) The court may award, in addition to reasonable costs and attorney's fees awarded pursuant to paragraph (a), an amount of up to $10,000.00 to the person against whom the action was brought.

    (c) The person against whom the action is brought may bring a separate action to recover:

        (1) Compensatory damages;

        (2) Punitive damages; and

        (3) Attorney's fees and costs of bringing the separate action.

2. If the court denies a special motion to dismiss filed pursuant to NRS 41.660 and finds that the motion was frivolous or vexatious, the court shall award to the prevailing party reasonable costs and attorney's fees incurred in responding to the motion.

3. In addition to reasonable costs and attorney's fees awarded pursuant to subsection 2, the court may award:

    (a) An amount of up to $10,000.00; and

    (b) Any such additional relief as the court deems proper to punish and deter the filing of frivolous or vexatious motions.

4. If the court denies the special motion to dismiss filed pursuant to NRS 41.660, an interlocutory appeal lies to the Supreme Court.

in the Nevada Action include the elements necessary for this Court to find that the

claim encompassed in the Judgment Order is nondischargeable under

§ 523(a)(6).

Section 523(a)(6) of the Bankruptcy Code excludes from discharge under

§ 727[14] any debt "for willful and malicious injury by the debtor to another entity or

the property of another entity."  11 U.S.C. § 523(a)(6).  To successfully prevail on an

objection to dischargeability under §523(a)(6), a creditor must prove three elements:

"(1) the debtor caused an injury; (2) the debtor's actions were willful; and (3) . . . the

debtor's actions were malicious." *Ocean Equity Grp., Inc. v. Wooten (In re Wooten)*,

423 B.R. 108, 128 (Bankr. E.D. Va. 2010) quoting *E.L. Hamm & Assocs., Inc. v.*

*Sparrow (In re Sparrow)*, 306 B.R. 812, 834 (Bankr. E.D. Va. 2003).  Allen contends

that the courts in Nevada have already adjudicated the three elements required

under § 523(a)(6) and asserts that their rulings satisfy the standards necessary to

prove these elements.

Carrying the burden of establishing that a debtor's actions were willful and

malicious can be challenging.  In *Singh v. Sohail (In re Sohail)*, Adv. No. 08-03059-

KRH, 2009 WL 1851247 (Bankr. E.D. Va. June 25, 2009), Judge Huennekens

described the "objective substantial certainty" or "subjective motive" test generally

applied by this Court to determine whether the willfulness element of § 523(a)(6) is

present, that test being "whether the debtor acted with 'substantial certainty [that]

harm [would result] or a subjective motive to cause harm.'" *Id.* at *7, citing *Haas v.*

---

[14] Section 727 of the Bankruptcy Code, 11 U.S.C. § 727, sets forth the requirements for a
chapter 7 debtor to receive a discharge.

*Trammell* (*In re Trammell),* 388 B.R. 182, 187 (Bankr. E.D. Va. 2008).[15]  Further,

"§ 523(a)(6) applies only to 'acts done with *the actual intent to cause injury.*'"

*Duncan v. Duncan (In re Duncan),* 448 F.3d 725, 729 (4th Cir. 2006), quoting

*Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998).  Proving maliciousness requires the

creditor to establish "that debtor's injurious act was done deliberately, intentionally

and with knowing disregard for plaintiff's rights."  *Johnson v. Davis (In re Davis),*

262 B.R. 663, 671 (Bankr. E.D. Va. 2001) ("The Fourth Circuit defines malice as an

act causing injury without just cause or excuse." *Id*. at 670).  The standards adopted

by this Court in connection with § 523(a)(6) actions are thus inherently factually

dependent.  In this case, Allen has the burden of establishing that Drake acted with

the substantial certainty or actual intent to injure him and that he did so with a

deliberate disregard for Allen's rights.

The Fourth Circuit has held that "[s]tate court judgments can collaterally

estop the litigation of issues in adversary proceedings in federal bankruptcy court."

*In re Duncan*, 448 F.3d at 728.  Collateral estoppel, also known as issue preclusion,

enable Allen to prevent Drake from relitigating issues already decided by another

court.

When considering whether collateral estoppel should be applied, the Court

must look to the law of the state where the judgment was entered.  *Id*.  In this case,

---

[15] In *Haas v. Trammell (In re Trammell),* 388 B.R. 182, 187 (Bankr. E.D. Va. 2008), the
court observed that "The Court of Appeals for the Fourth Circuit appears to have adopted
the "objective substantial certainty" or "subjective motive" test to satisfy the willfulness
requirement. *Parsons v. Parks (In re Parks)*, No. 03–1072, 2003 WL 22989684, at *1 (4th
Cir. Dec. 19, 2003) ('[t]he test, then, is whether the debtor acted with substantial certainty
[that] harm [would result] or a subjective motive to cause harm.')."

Nevada law is applicable.

Under Nevada law, a party seeking to invoke collateral estoppel must prove the following four elements: (1) the factual or legal issue decided in the prior litigation must be identical to the presented in the current case; (2) the prior ruling must have been on the merits and become final; (3) the party against whom the judgment is asserted must be a party or in privity with a party to the prior case; and, (4) the issue was actually and necessarily litigated. *Five Star Capital Corp. v. Ruby*, 194 P.3d 709 (Nev. 2008). Issue preclusion may also apply when the causes of action asserted in the second proceeding "are substantially different from those addressed in the initial proceeding, as long as the court in the prior action addressed and decided the same underlying factual issues." *Kahn v. Morse & Mowbray*, 117 P.3d 227, 235 (Nev. 2005).

Nevada courts have held that summary judgment is appropriate when the claim is barred by issue preclusion. *Id.* at 234; *LaForge v. State,* 997 P.2d 130, 133 (Nev. 2000).[16] The party asserting that collateral estoppel prevents the relitigation of a prior judgment has the burden of establishing its preclusive effect. *See Bennett v. Fidelity & Deposit Co. of Md.*, 652 P.2d 1178 (Nev. 1982). Allen may therefore proceed on summary judgment if he carries the burden of demonstrating that each of the necessary elements of collateral estoppel has been met.

Here, the Judgment Order and the Remand Order are final on the merits, and the parties in dispute are the same as in the prior litigation. What is left to be

---

[16] The Fourth Circuit tacitly acknowledged this as well in *Duncan v. Duncan (In re Duncan)*, 448 F.3d 725 (4th Cir. 2006).

11

resolved is whether the issues previously decided were actually litigated and are identical to the issues that must now be decided.  More specifically, in order to apply collateral estoppel, this Court must find that the parties actually litigated the issues and that the Nevada courts determined that the Debtor caused an injury to Allen by acting willfully and maliciously.

The thrust of Allen's argument is that the Nevada Supreme Court's finding that his anti-SLAPP motion should have been granted is sufficient to establish the elements of § 523(a)(6).  Allen urges this Court to interpret the Nevada Supreme Court's ruling as a finding that the Debtor's suit was meritless, was filed solely to increase his litigation costs, and was therefore willful and malicious.  This contention is apparently based solely on the Nevada Supreme Court's comment in *John v. Douglas County School District* that "[t]he hallmark of a SLAPP lawsuit is that it is filed to obtain a financial advantage over one's adversary by increasing litigation costs until the adversary's case is weakened or abandoned." 219 P.3d 1276, 1280 (Nev. 2009).  He further maintains that the injury caused by the Debtor has been established by the damages awarded in the Judgment Order.

Allen has cited no instance in which a court has applied § 523(a)(6) to deny the discharge of a debt arising as a result of a creditor's successful anti-SLAPP motion.  Although circumstances may exist in which such a debt may be excepted from discharge, it does not necessarily follow that any successful anti-SLAPP motion proves that the underlying litigation was filed vexatiously and with the actual intent to cause an injury to the other party.  Therefore, the Court is

12

unwilling to adopt a *per se* rule that a claim for damages awarded in connection with any anti-SLAPP motion is nondischargeable pursuant to § 523(a)(6).

In this case, Allen has not established by a preponderance of the evidence that that the parties litigated and the state courts determined that the Debtor's actions were willful and malicious. Even if the Court were to find that the Debtor injured Allen, collateral estoppel does not bar the Debtor from litigating the dischargeability of Allen's claim.

Although its anti-SLAPP statute may have been intended by the Nevada legislature to discourage lawsuits that "abuse the judicial process by chilling, intimidating, and punishing individuals for their involvement in public affairs," and to protect citizens' and public officials' "ability to openly engage in discussions of public concern," *John v. Douglas County School Dist.,* 219 P.3d at 1281,[17] there was no finding by the Nevada Supreme Court in this case that the Debtor's suit was filed to impede Allen's rights of petition or free speech. Rather, the Nevada Supreme Court ordered dismissal after finding that the Debtor's claims against Allen lacked a probability of success.[18] Remand Order at 4. Dismissal was apparently warranted under the language of the statute, but the Nevada Supreme

---

[17] "More importantly, the anti-SLAPP statute only protects citizens who petition the government from civil liability arising from *good-faith communications to a government agency.*" 219 P.3d at 1281.

[18] The Nevada Supreme Court found that the Debtor's claims challenged Allen's attempt to dissolve HCS, something that Allen, as a shareholder, was entitled to seek under Nevada law. While Allen may argue that Drake's suit was an attempt, in part, to prevent him from exercising his right to petition the court for a dissolution of HCS, the Nevada Supreme Court's ruling falls short of finding that Drake's activity was malicious.

Court made no finding that the Debtor engaged in the type of bad faith that the Nevada legislature apparently envisioned when it enacted the statute.[19]

Likewise, the Judgment Order includes no findings of willfulness and maliciousness on the part of the Debtor. Its award of damages to Allen is based solely on the Debtor's procedural omissions and the Nevada Supreme Court's decision to grant the anti-SLAPP motion.[20]

The exhibits submitted by Allen in connection with the Motion fall short of establishing that the Debtor's Nevada lawsuit was dismissed because the Debtor acted with substantial certainty that Allen would be harmed or that the Debtor possessed a subjective motive to cause harm. Additionally, Allen has not shown that the Nevada courts made a finding that the Debtor's lawsuit was pursued with a knowing disregard for Allen's rights. The Nevada Supreme Court's decision was accompanied only by the finding that the Debtor's claims against Allen lacked a probability of success because they challenged Allen's attempt to dissolve HCS,

---

[19] The Nevada anti-SLAPP statute does not require the movant to prove maliciousness in order to obtain dismissal of a lawsuit. The Nevada Supreme Court has pointed out that its anti-SLAPP statute was enacted "shortly after California adopted its statute, and both statutes are similar in purpose and language." *John v. Douglas County School Dist.,* 219 P.3d at 1281. For that reason, the Nevada Supreme Court has considered California case law when interpreting its own anti-SLAPP statute. *Id.* at 1283.

California courts have held that in an anti-SLAPP action, a "special motion to strike can be based on any defect in the plaintiff's action. Thus, a special motion may be premised on legal deficiencies inherent in the plaintiff's claim, analogous to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Or, a motion may assume that the plaintiff cannot support that claim with evidence, analogous to a motion for summary judgment under Federal Rule of Civil Procedure 56." *Rogers v. Home Shopping Network, Inc.,* 57 F.Supp.2d 973, 976 (C.D. Cal. 1999) (citations omitted).

[20] The Judgment Order states that the fees and costs in the amount of $51,409.89 awarded pursuant to N.R.S. 41.670 is "reasonable in light of . . . the Supreme Court's decision granting Defendant's anti-SLAPP motions . . . ." The amount of Allen's claim has been established pursuant to a final order of the state court.

14

relief that Allen was entitled to pursue under Nevada law.  Remand Order at 4. The decisions of the state courts do not include the legal and factual findings necessary to establish the elements required to successfully prevail on an objection to discharge under § 523(a)(6) and, therefore, the Court finds that the Debtor is not collaterally estopped from litigating these issues in this adversary proceeding.

For these reasons, the Motion has been denied and a separate order has been issued.

Signed: January 5, 2018                      /s/ Keith L. Phillips
                                         United States Bankruptcy Judge


Copies:

Terry Allen
c/o Gross & Romanick, P.C.
3975 University Drive Suite 410
Fairfax, VA  22030

Ashley Charles Dean
Gross & Romanick, P.C.
3975 University Drive, Suite 410
Fairfax, VA  22030

Richard W. Drake
12005 Bobwhite Drive
Catharpin, VA  20143

Scott J. Newton
Manassas Law Group, PC
9255 Lee Avenue
Manassas, VA  20110